# EXHIBIT 1

| | |
|---|---|
|  | **ALTOONA POLICE DEPARTMENT**<br>Altoona, Pennsylvania |
| | **GENERAL ORDER   1.2** |

| Subject |||
|---|---|---|
| Limits of Authority |||
| Date of Issue | Effective Date | Expiration Date |
| 01/2016 | 02/01/2016 | N/A |
| **PLEAC STANDARD Reference** |||
| 1.2.1; 1.2.2; 1.2.3; 1.2.4; 1.2.5 |||
| **Amends** || **Rescinds** |
| 2-26-16 || 5.2 through 5.8 |
| **Index Words** |||
| Statutory Authorizations; In-Custody Procedures; Search and Seizure Procedures; Physical Arrest Procedures; Strip and/or Body Cavity Search Procedures |||
| **Distribution** |||
| All Personnel |||

**This order consists of the following sections:**

**1.2.1   Agency Statutory Authorizations**

**1.2.2   In-Custody Constitutional Requirement Procedures**

**1.2.3   Search and Seizure without a Warrant Procedures**

**1.2.4   Physical Arrest with or without a Warrant Legal Requirements and Procedures**

**1.2.5   Strip and/or Body Cavity Search Procedures**


**I.   Purpose**

This policy is established to define an officer's authority through governmental legitimacy by defining that authority in terms of constitutional requirements, statute, case law, and the rules of criminal procedure with regard to investigation, detention, search and arrest. The purpose of this policy is to provide statutory authorization to ensure law enforcement duties are performed in accordance with the law.

**II.   Policy**

It is the policy of the Altoona Police Department to provide professional police services authorized through applicable laws, statutes, and ordinances.

**1.2.1   Agency Statutory Authorizations**

A.   The United States Constitution, the Constitution of the Commonwealth of Pennsylvania, the Pennsylvania Rules of Criminal Procedure Title 234, and the Third Class City Code define the Legal Authority granted to the Altoona Police Department as it pertains to the enforcement of codified laws, statutes, and ordinances.

B.   The City of Altoona was established in accordance with the act of June 23, 1931 (Pennsylvania Law 932, Act 317) cited as "The Third Class City Code"; re-enacted and amended June 28, 1951 (Pennsylvania Law 662).

C.   Article XX of the Third Class City Code enables the City of Altoona to establish, equip, and maintain a professional police force through the following Pennsylvania Statutes:

1.   §37001- Appointment, number, rank, compensation, and qualification of policemen.

2.   §37002- Designation of Chief and other officers.

3.   §37003- Extra policemen; compensation.

4.   §37005- Powers of policemen to arrest.

5.   §37006-Service of process; fees; payment into treasury.

6.   §37007-Supervision by mayor.

7.   §37008-Extra compensation prohibited; exception; penalty.

D.   The City of Altoona established a Police Department by enacting a city ordinance No. 211 dated April 12, 1888

E.   Altoona Police Department Officers are certified as municipal officers under Pennsylvania Law 1974, Act 120, which became effective on June 18, 1974. This act established the "Municipal Police Officers' Education and Training Commission (MPOETC).

1.   Under this act, a "police officer" is defined as any full-time or part-time employee of a city, borough, town, township, or county police department assigned to criminal and/or traffic law enforcement duties.

2.   Police officers who are certified by the MPOETC are eligible to carry and use weapons in the performance of their duties, make arrests, and/or otherwise enforce the laws of the United States Government, the Commonwealth of Pennsylvania, and their respective jurisdiction(s).


**1.2.2 In-Custody Constitutional Requirement Procedures**


**Purpose**

Federal and state constitutional requirements are essential to the law enforcement function in a free and democratic society. The purpose of this policy is to ensure all members of the Altoona Police Department comply with constitutional requirements. Constitutional safeguards guarantee lawful, fair, and equitable treatment of individuals by law enforcement officers and professional law enforcement agencies.

**Policy**

It the sworn responsibility of all members of the Altoona Police Department to comply with the Constitutional requirements regarding in-custody situations including, but not limited to:

Interview(s) and Interrogation(s)

Access to counsel

Search and Seizure

A. Interview and interrogations

1. Interview

a. Defined

(1.)   A non-accusatory conversation in which through a process of questions and answers, the interviewer tries to develop investigative and behavioral information that will test the veracity of statements made by a suspect, victim or witness.

b. Procedures

(1.)   Interviews may occur in a variety of circumstances and locations.

(2.)   Officers shall conduct interviews consistent with training in current interview techniques.

(3.)   Officers conducting interviews shall be aware of the nature of questions, their location, the interviewed person's location, and the conditions present when conducting interviews so that the subject does not have any reason to believe he/she is in custody.

2. Interrogations

a. Defined

(1.)   A procedure designed to elicit an incriminating response from a subject concerning knowledge of involvement in a criminal event.

b. Procedures

(1.)   Officers shall consider the following criteria when initiating interrogations.

(a.)   Non-custodial interrogations

(i.)   Miranda warnings are not required to be given to a subject by officers when the subject is being interrogated but is not in custody.

(ii.)   The "Voluntary Statement" form should be used when possible/practical when taking non-custodial statements from victims, witnesses and suspects.

(b.)   Custodial interrogations

(i.)   The test for determining whether a person is being subjected to custodial interrogation, so as to require Miranda warnings, is whether s/he is physically deprived of his or her freedom in any significant way or is placed in a situation in which a reasonable person would believe that his (her) freedom of action or movement is restricted by such interrogation.

(ii.)   Officers shall provide, verbally and/or in writing, Miranda warning advisements whenever a person in custody is subjected to custodial interrogation or its equivalent. Every effort should be made to audio record the Miranda warnings.

(iii.)   When providing Miranda warnings in writing during custodial interrogations, officers shall use the department "Waiver of Rights" form. Every effort should be made to have the detainee and/or suspect sign the written Miranda waiver. A refusal to sign the Miranda waiver form shall be noted, and the form placed in the arrest file.

(iv.)   When receiving written statements from detainees during a custodial interrogation, officers should use the "Waiver of Rights - Statement" form.

(c.)   All original rights forms completed, and any written statement received, shall be submitted with the investigation incident report or arrest file.

B.   Access to Counsel

1.   Officers shall consider the following procedure when safeguarding a detainee's access to counsel during custodial interrogation.

a.   Right to counsel.

(1.)   When a subject has been placed under arrest by an officer, and the subject is being subjected to a custodial interrogation, s/he shall be advised of the right to speak to counsel through the Miranda warning advisement, and if they do not waive the right, thereafter be afforded the opportunity to speak to an attorney before any questioning occurs.

(2.)   When a detainee requests to speak to an attorney before, or during, a custodial interrogation, the interrogator shall cease questioning the detainee and provide the detainee the opportunity to confer with counsel.


b.   Waiver of right to counsel

(1.)   Detainees may waive their right to counsel following the Miranda warnings, however, interrogators shall document that the waiver was a knowing and intelligent waiver, e.g., that the detainee knew his right to consult with counsel before answering questions and he freely chose to otherwise proceed with the interrogation without exercising that right.

(a.)   Documentation of the waiver shall be on rights forms and/or an incident report filed by the interrogating officer.

(2.)   If the suspect waives his right to counsel after receiving the Miranda warnings, law enforcement officers are free to question him. But if a suspect requests counsel at any time during the interview the interrogating officer shall not subject him/her to further questioning until a lawyer has been made available or the suspect freely reinitiates conversation.

(3.)   The interrogating officer must ensure that the suspect unambiguously requests counsel.  A suspect must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney.  If the statement fails to meet the requisite level of clarity, interrogating officers are not required to stop questioning the suspect.

C.   Search and Seizure

1.   Search incident to arrest.

a.   When a person has been arrested based upon a warrant, probable cause or other legal authority, a search incident to that arrest may be made in accordance with the following:

(1.)   Person

(i.)   The clothing worn by the person and any bags or packages they may be in possession of at the time and place of arrest.

(ii.)   Multiple searches of the person are permitted under this exception as custody is passed from officer to officer or facility to facility.

(2.)   Home

(i.)   A protective sweep of the area of arrest including places where someone could be hiding that would present a safety risk to officers affecting the arrest.

(3.)   Vehicle

(i.)   A cursory search under vehicle seats, or within area of the interior where the person could reach and retrieve a weapon, when the person was arrested from a vehicle and the vehicle involved has not yet been fully secured.

### 1.2.3   Search and Seizure without a Warrant Procedures

**Purpose**

The issue of search of seizure without a warrant by law enforcement officers requires the Altoona Police Department to address those legal requirements within the context of constitutional decisions at the Pennsylvania and Federal Court levels and applicable case law findings. Exigent circumstances under statute and/or case law could include certain vehicle, officer safety, and public safety exceptions.

The courts are constantly modifying the law and legal procedures and it is the responsibility of the Altoona Police Department to ensure that updated information is available to department personnel.

Agencies and officers should be cognizant of the need for an independent, reasonable belief that a subject is armed and dangerous prior to conducting a "Terry pat-down and/or frisk."

**Procedures**

A.   Search by consent.

1.  Officers shall consider the following procedures when initiating searches by consent.

a.  Voluntariness of consent.

(1.)   Consent to search must be voluntarily given and not the result of duress or coercion, express or implied.  Voluntariness is a question of fact to be determined from all the circumstances.  Officers shall ensure that consent searches are in fact voluntary and that consent has been freely given prior to initiating any such search.

b.  Authority to consent.

(1.)   In order for consent to be valid, it must be given by one possessing control over the area searched.

(2.)   Any officer initiating a consent search shall ensure the subject giving consent has ownership or other authority to consent to the area or item to be searched, i.e., person in charge may not consent to the search of another person's items if the other person is present.

c.  Reasonable suspicion for a stop is a prerequisite for consent searches during investigative detentions.

(1.)   If an officer does not have reasonable suspicion to conduct an investigative stop to begin with, then any consent to search would be considered fruits of an illegal stop and the consent is invalidated.

(2.)   Any officer initiating an investigative stop shall have reasonable suspicion that they subsequently articulate in a report of the incident.

d.  Scope.

(1.)   A person has a right to limit the scope of a consent search.

(2.)   Officers conducting consent searches shall ensure that the subject granting consent has extended that consent to the area and/or item(s) searched.

e.  Search and Seizure Consent Form

(1.)   Prior to conducting a consent search of a person's property officers should make every effort to have the person sign a Search and Seizure Consent form, or have the consent recorded by a mobile vehicle camera to document the voluntariness of the consent if in a traffic stop situation. In cases where the Consent Form is not used, the officer shall provide a detailed explanation in the incident report as to the facts surrounding the voluntariness of the consent.

B.  Stop and Frisk When Officer has Articulable Reasons to Fear for His/Her Safety

1.  Officers shall consider the following procedures when initiating a stop and frisk.

a.  Investigative stop
(1.)   Investigative stops by officers shall be supported by reasonable suspicion, consistent with current case law precedent(s).

(a.)   Reasonable suspicion may include circumstances where the officer has articulable reasons to fear for his/her safety.

(2.)   An officer who lacks probable cause, but whose observations lead him/her to reasonably suspect that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to investigate the circumstances that provoked suspicion.

(a.)   The reasonable suspicion for the stop shall be based on the officer's knowledge, training, observation and/or information supplied by another person.

(3.)   Length of stop.

(a.)   Officers will diligently pursue a means of investigation that is likely to confirm or dispel his/her suspicions quickly when detaining a suspect.

b.   Cursory searches under circumstances where the officer has articulable reasons to fear for his/her safety.

(1.)   "Terry Stop"

(a.)   Officers may conduct a limited search for weapons if they observe unusual and suspicious conduct on the part of an individual that leads them to believe that:

(i.)   There is criminal activity afoot and;

(ii.)   The officer has a reasonable belief that the subject is armed and dangerous.

(2.)   Handcuffs

(a.)   Officers conducting "Terry" searches shall consider controlling and securing the subject(s) with handcuffs first, prior to initiating a search under the "Terry" criteria.

(b.)   Officers shall advise any person handcuffed for a "Terry" search that they are being handcuffed for their own safety and/or officer safety, that they are not under arrest, and that the handcuffs will be removed when officer safety is ensured.

(3.)   Vehicle extension

(a.)   Terry frisks can extend to the passenger compartment of a vehicle, and officers may search the driver/passenger(s), if the officer reasonably believes that a suspect, lawfully stopped, can gain access to a weapon.

(b.)   Officers shall not search, without probable cause, the passenger compartment of a vehicle if the driver/occupant(s) have been removed by arrest and are not free to gain access to the compartment.

c.   Plain feel doctrine.

(1.)   Officers conducting cursory frisks may seize an object when it becomes immediately apparent, with knowledge gleaned from the officer's sense of touch, that probable cause exists to believe the object is a weapon, contraband, or otherwise subject to lawful seizure.

C.   Search and Seizure Under a Moveable Vehicle Exception

1.   Officers shall consider the following procedures when initiating a search of a vehicle under a moveable vehicle exception.

a.   Under the Pennsylvania Constitution, there is no "per se exception" to the warrant requirement for vehicles.  Probable Cause to search, without any accompanying exigent circumstances, does not justify a warrantless search of a vehicle.

b.  Vehicles, lawfully stopped spontaneously on a highway, may often be searched without a warrant under Pennsylvania law by:

(1.)   Consent

(a.)   Officers may search a vehicle upon the knowing and voluntary consent of the owner.

(2.)   Plain view

(a.)   An officer who is where (s)he is allowed to be and looking where (s)he is allowed to look, may seize items which are obviously contraband.

(3.)   Terry Stop

(a.)   When an officer can articulate facts which lead to a reasonable belief that an occupant may be armed and dangerous, the officer may search the passenger compartment for weapons (that is, where a weapon might reasonably be found) provided the driver and/or occupants have not been removed and restricted from further access to the compartment.

(4.)   Exigent circumstances.

(a)   Officers who have probable cause to search a vehicle, and an exigency exists, may search without first obtaining a warrant.

(i.)   This exigency needs to be apart from the vehicle's potential mobility.

(ii.)   The exigency that is cited as the necessity for conducting the search cannot be created by any action of the officer(s).

(b)   When ample advance information is available that a search of a vehicle is likely to occur in conjunction with the apprehension of a suspect, officers shall secure a warrant before the vehicle may be searched.


(5.)   Impound Inventory Search

(a)   An inventory search of an impounded and/or towed vehicle will be conducted by the officer having a vehicle impounded and/or towed. The officer will inventory or direct the inventory of the contents of the vehicle. When inventorying a vehicle, all closed containers will be searched unless the contents can easily be ascertained by examining the exterior of the container. The appropriate departmental inventory form will be filled out and copies given to the tow truck driver, to the owner/operator of the vehicle searched, or the latter copy left in the vehicle when no owner/operator is available. The original document shall be retained by the department.

(i.)   Exception- An impound inventory does not have to be done by an officer when the vehicle is being towed as a result of an accident/vehicle failure and the driver and/or owner is present.

(b)   Items of substantial value such as currency, firearms, jewelry, etc., which are not part of, nor attached to the vehicle will be transported to the Altoona Police Department, and submitted into evidence for the purpose of safe keeping. Said items shall be returned to the owner and/or his/her designee after contact with the evidence custodian.

(c)   If, during an inventory search, evidence of a crime is discovered, the officer shall stop the inventory search and secure a search warrant prior to continuing.

(d)   When probable cause exists to execute a search warrant for an impounded vehicle, the inventory search can be conducted in conjunction with the search warrant.

D.   At the scene of a Crime

1.   Officers shall consider the following procedures when initiating a search at the scene of a crime.

a.   Officers may conduct a warrantless entry of residences under the following conditions:

(1.)   Consent by tenant or owner.

(a.)   If there are co-owner/co-tenants and one owner/tenant refuses consent this supersedes any consent granted by the other owner/tenant.

(2.)   Probable cause.

(a.)   To believe someone in the premises is armed and dangerous.

(b.)   To believe someone's life or personal safety is in danger.

(c.)   To believe a serious crime is being committed in your presence and the likelihood the offender would escape if time is taken to get a warrant or that evidence of crime would be destroyed.

(3.)   Hot pursuit

(a.)   To apprehend a fleeing suspect and to perform a protective sweep related to that apprehension.

b.   Officers shall secure a search warrant in all cases where circumstances do not provide for exceptions to the warrant rule.

c.   There is no crime scene exception to the search warrant requirement.

E.   Exigent Circumstances When the Public Safety is Endangered

1.   Officers shall consider the following procedures when initiating a search in exigent circumstances, particularly where public safety is believed to be endangered.

a.   Vehicles

(1.)   If an officer has probable cause to search a vehicle, and an exigency exists, no warrant is needed.

(a.)   This exigency needs to be apart from the vehicle's potential mobility.

b.   Residences

(1.) Refer to Subsection "D" above.


F.   Other situations as Authorized or Governed by United States and Pennsylvania Constitutional Provisions, Pennsylvania statutes, or case law.

1.   Police officers will adhere to all Commonwealth and Federal statutory and case law provisions in the course of searches and seizures. Current statutory case law shall supersede the policies and procedures set forth in this general order.

### 1.2.4 Physical Arrest with or Without a Warrant Legal Requirements and Procedures

**Purpose**

The purpose of this general order is to provide for the recognition of police authority and the associated limitations of that authority. This policy is established to define an officer's authority by defining that authority in terms of constitutional requirements, statute, case law, and the PA Rules of Criminal Procedure, otherwise known as Title 234.

This area of the law is constantly changing. It is the responsibility of the Altoona Police Department and Department personnel to stay informed by having current information available for review. Section 8902 of the Judicial Code requires that the governmental body promulgate guidelines to be followed by a police officer when making warrantless arrest for certain summary offenses.

**Procedures**

A.   Officers shall arrest persons by warrant in accordance with the following procedures.

1.   Title 234, the Pennsylvania Rules of Criminal Procedure.

a.   Governs criminal proceedings in all courts, including courts not of record.  All actions involving arrests by warrant for the Penal Laws of the Commonwealth of Pennsylvania must follow these rules.

b.   Summary warrant issuance.

(1.)  Chapter 4, Part D (1), Rule 430, Issuance of Arrest Warrant.

c.   Court case arrest warrant issuance.

(1.)  Chapter 5, Part B (1), Rule 509, Use of Summons or Warrant of Arrest in Court cases provides that the issuing authority shall issue a warrant of arrest when:

(a.)  One or more of the offenses charged is a felony or murder.

(b.)  The issuing authority has reasonable grounds to believe that the defendant will not obey a summons.

(c.)  The summons has been returned undelivered.

(d.)  A summons has been served and disobeyed by a defendant.

(e.)   The identity of the defendant is unknown.

(2.)  Chapter 5, Part B (3), Arrest Procedures, Rule 513, Requirements for Issuance.

(a.)  No arrest warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority.

(b.)  Officers shall submit an Affidavit of Probable Cause, under the provisions of the Pa.R.Crim.P, with all Criminal Complaints where an arrest warrant is required or being requested.

B.  Officers shall arrest persons without a warrant in accordance with the following procedures.

1.  Title 234, the Pennsylvania Rules of Criminal Procedure.

a.  Governs criminal proceedings in all courts, including courts not of record.  All actions involving warrantless arrests for violations of the Penal Laws of the Commonwealth of Pennsylvania must follow these rules.

b.  Summary arrest procedures.

(1.)  Chapter 4, Part D (1), Rule 431, Procedures in Summary Cases When Defendant is Arrested with Warrant.

(2.)  Chapter 4, Part D (2), Rule 440, Procedure Following Arrest without Warrant.

c.  Court case arrest procedures.

(1.)  Chapter 5, Part B., Rule 502, Means of Instituting Proceedings in Court Cases.

(a.)  Warrantless arrest is authorized when the offense is a felony or misdemeanor committed in the presence of the officer making the arrest.

(b.)  Warrantless arrest is authorized based upon probable cause when the offense is a felony.

(c.)  Warrantless arrest is authorized upon probable cause when the offense is a misdemeanor not committed in the presence of the officer making the arrest when such arrest without a warrant is specifically authorized by statute.

(2.)  Chapter 5, Part B (3)., Arrest Without Warrant, Rule 519,  Procedure in Court cases Initiated by Arrest Without Warrant.

(a.)  When an officer has arrested a defendant without a warrant in a court case, the officer shall file a complaint against the defendant and he/she shall be afforded a preliminary arraignment before the proper issuing authority without unnecessary delay.

(i.)  The arresting officer, or his/her designee, will contact the District Magistrate for the jurisdiction of arrest, or the on-call magistrate through the Blair County Central Booking Facility, and schedule or arrange for the defendant's preliminary arraignment under this Rule.

(b.)  When the arresting officer deems it appropriate, they shall promptly release the defendant instead of taking them for a preliminary arraignment when the following conditions have been met:

(i.)  When the defendant is a resident of the Commonwealth.

(ii.)  When the most serious offense charged is a misdemeanor of the second degree.

(iii.)  When the defendant poses no threat of immediate physical harm to any other person or to himself or herself.

(iv.)  When the arresting officer has reasonable grounds to believe that the defendant will appear as required if the charges are instituted by summons.

(c.)  In cases where the defendant is released pursuant to Rule 519, officers shall file a complaint against the defendant within five (5) days of the defendant's release.  Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided for in Pa.R.Crim.P. Rule 510.

(d.)  Affidavits of Probable Cause.

(i.)  Not required for an on view arrest that will be taken for immediate arraignment.

(ii.)  Not required when a complaint is filed and the most serious charge is less than a felony.

(iii.)  Required when a complaint is filed and any charge on the complaint is a felony or murder or the officer is requesting an arrest warrant be issued for the defendant.

2.  Warrantless arrests authorized by statute.

a.  Title 18, Crimes Code of Pennsylvania, Chapter 27, Assaults, Section 2711.

(1.)  Officers shall have the same right of arrest without a warrant as in a felony whenever s/he has probable cause to believe the defendant has violated crimes code sections 2701 (related to simple assault), 2702(a)(3), (4) and (5) (related to aggravated assault), or 2705 (related to recklessly endangering another person) against a family or household member (as defined in 23 Pa C.S. section 6102) although the offense did not take place in the presence of the police officer if the officer first observed recent physical injury to the victim or other cooberative evidence of the offense(s).

b.  Title 18, Crimes Code of Pennsylvania, Chapter 39, Theft, Subchapter B, Section 3904.

(1.)  Officers shall have the same right of arrest without a warrant for any grade of
theft as exists or may hereafter exist in the case of the commission of a felony.


c.  Title 18, Crimes Code of Pennsylvania, Chapter 49, Falsification and Intimidation, Section 4915.

(1.)   Officers shall have the same right of arrest without a warrant as in a felony whenever the police officer has probable cause to believe an individual has committed a violation of this section. (Failure to comply with registration of sexual offenders requirements)


d.  Title 18, Crimes Code of Pennsylvania, Chapter 65, Nuisances, Section 6501, Subsection C.

(1.)   Officers shall have the same right of arrest without a warrant as in  a felony whenever the officer has probable cause to believe that an owner or operator, or an agent of either, of a trash, garbage or debris collection vehicle, including private automobiles and small trucks, or any other type of vehicles used to collect or transport trash, garbage or debris, who knowingly causes to be deposited or deposits the vehicle's load or any part thereof upon any road, street, highway, alley or railroad right-of-way, or upon the land of another or into the waters of this commonwealth. Officers must first observe recent evidence of a this section or other corroborative evidence before making a warrantless arrest.

e.  Title 75, Vehicle Code of Pennsylvania, Chapter 38, Driving After Imbibing Alcohol or Utilizing Drugs, Section 3811

(1.)  Officers are authorized to arrest an individual without a warrant if the officer has probable cause to believe that the individual has violated the following Vehicle Code violations regardless of whether the alleged violation was committed in the presence of Officers.

(a.)   Section 1543, Subsection (b)(1.1) Driving while operating privilege is suspended or revoked.

(b.)   Section 3802 Driving under influence of alcohol or controlled substance

(c.)   Section 3808, Subsection (a)(2) Illegally operating a motor vehicle not equipped with ignition interlock

f.  Title 75, Vehicle Code of Pennsylvania, Chapter 63, Enforcement, Subchapter A, Section 6304, Authority to Arrest Without a Warrant.

(1.)   Officers may arrest any non-resident who violates any provision of this title in the presence of the officer making the arrest.

(2.)   Upon arrest of a non-resident under this Section, the officer shall proceed in accordance with the provisions of Section 6305 of the Vehicle Code.

g.  Title 23, Domestic Relations, Chapter 61, Protection From Abuse, Section 6113 Subsection (a)

(1.)   Officers may make a Warrantless arrest for a violation of a Protection From Abuse order upon probable cause, whether or not the violation is committed in the presence of an Officer where the violation is of Section 6108 (a) (1), (2), (3), (4), (6) (7) or (9) of this chapter.

h.  Title 42, Pa. C.S. Section 8902 authorizes arrests without a warrant under Title 18, Crimes Code of Pennsylvania, when a police officer has probable cause from viewing ongoing conduct that imperils the personal security of any person or endangers public or private property when such conduct constitutes certain summary offense(s).

(1.)   General Rule - Warrantless arrests, upon probable cause, shall only be authorized for the following summary offenses of Title 18 when there is ongoing conduct that imperils the personal security of any person or endangers public or private property.

(a.)   Disorderly Conduct (18 Pa. C.S. Section 5503)

(b.)   Public Drunkenness (18 Pa. C.S. Section 5505)

(c.)   Obstructing Highway (18 Pa. C.S. Section 5507)

(d.)   Underage Purchase/Possession of Liquor  (18 Pa. C.S. Section 6308)

(2.)   Guidelines by governmental body - The right of arrest without warrant under this section shall be permitted only after the governmental body employing the police officer promulgates guidelines by Resolution to be followed by a police officer when making a warrantless arrest.

(a.)   When making such warrantless arrests police officers are to follow the Pennsylvania Rules of Criminal Procedure, Part IV:  "Procedures in Summary Cases when Defendant is arrested Without a Warrant."

### 1.2.5  Strip and/or Body Cavity Search Procedures

**Policy**

Strip searches and body cavity searches by law enforcement personnel are controversial, even when legally permissible. They should be done out of public view, with appropriate regard for the dignity of the suspect, and shall be considered legally necessary and reasonable. When possible, all searches should

be witnessed. Body cavity searches should be conducted in a hygienic setting and by qualified medical personnel. This standard is not meant to restrict a cursory visual inspection of the mouth.

**Procedures**

A.   Authority to Conduct With and Without a Search Warrant

1.   Strip searches shall only be conducted pursuant to the authority of a Search Warrant issued by a Magisterial District Judge or as incident to arrest when a detainee is in-custody.

a.   When a Search Warrant does not exist to grant authority for the strip search, officers shall first secure authority from a ranking member of the department.

B.   Privacy Provisions With Search by the Same Gender

1.   Members of the opposite gender shall not conduct strip searches of a detainee.

2.   If strip search is necessary and authorized, and a member of the same gender is not available within the department, the arresting officer may utilize mutual aid and request an officer from another agency to conduct such search.

a.   Civilian personnel of the same gender, under a police officer's guidance, may be used as a last resort to conduct said search. This shall only be done with the approval of the shift supervisor or other rated officer.

3.   Strip searches shall occur in a secure area and without observation of the officer of the opposite gender.

C.   Required Reporting Procedures

1.   Strip searches shall be documented in writing:

a.   In the incident report for the investigation and arrest with the following minimum elements detailed:

(1.)   Authority to conduct strip search

(2.)   Reason for conducting strip search

(3.)   Person who conducted strip search and any witnesses to the search

(4.)    Location where strip search was conducted

**III. Effective**

**By order of:**

_____

**Janice J. Freehling,
Chief of Police
Altoona Police Department
Altoona, PA**

Revised 2-26-16          1.2.4          Release of a defendant (page 11)          Chief's Initials_____