**MOSKOWITZ COLSON**
**GINSBERG SCHULMAN**

Moskowitz Colson
Ginsberg & Schulman LLP
80 Broad Street, Suite 1900
New York, NY 10004
(212) 257-6455
www.mcgsllp.com

January 7, 2026

**By ECF**

Hon. Margaret M. Garnett
U.S. District Judge
U.S. Courthouse
40 Foley Square
New York, N.Y. 10007

Re: U.S. v. Mangione
25 Cr. 176 (MMG)

Dear Judge Garrnett:

We write to provide the Court with supplemental authority in support of our argument that even if the federal stalking statute is found to be divisible, Subsection A of the stalking and cyberstalking statutes (18 U.S.C. §§ 2261A(1)(A) and 2261A(2)(A)) fails to qualify as a "crime of violence" because it can be committed without a purposeful or knowing threat of physical force.

*First,* the defense points the Court's attention to the pre-2013 version of the cyberstalking statute, which, in relevant part, explicitly criminalized the "**intent . . .** to place a person . . . in reasonable fear of the death of, or serious bodily injury." 18 U.S.C. § 2261A(2)(B) (2006) (emphasis added). In stark contrast, the current version of the stalking (18 U.S.C. § 2261A(1)(A)) and cyberstalking (18 U.S.C. § 2261A(2)(A)) statutes attaches no such *mens rea* to the "reasonable fear of death of, or serious bodily injury" requirement. Instead, the current version of the statutes merely requires that the defendant engage in conduct that "places [the stalking victim] in reasonable fear of the death of, or serious bodily injury . . . ." *Id*. This contrast between the old and current version of the statutes demonstrates that Congress knew how to write a statute that attached an intentional *mens rea* to the "reasonable fear of death or serious bodily" provision, and in fact, did so in a previous version, but consciously chose not to do so in the current version of the statutes that apply to Mr. Mangione. This is strong evidence that the current version of the statutes do not require the defendant to intentionally place a person in reasonable fear of death or serious bodily injury.

*Second,* the defense points the Court's attention to *United States v. Fleury,* 20 F.4th 1353 (11th Cir. 2021), which reinforces that Subsection A of the stalking and cyberstalking statutes do not require a defendant to <u>intentionally</u> place a person in reasonable fear of death or serious bodily injury. Specifically, in *Fleury*, the defendant argued that the district court erred when on a cyberstalking charge (18 U.S.C. § 2261A(2)(B)), it failed to give a jury instruction requiring a

finding that "the defendant intended the recipient to feel threatened." *Id.* at 1371. The defendant argued that the court was wrong in failing to do so because "it hinged criminal liability on how a reasonable person would view the messages rather than on subjective intent of the sender of those messages; the defendant"—in violation of the Supreme Court's decision in *Elonis v. United States,* 575 U.S. 723 (2015). *Id.* But the Eleventh Circuit rejected the defendant's argument finding that there was no subjective intent to threaten required under the cyberstalking statute:

> We find no error in the instruction provided to the jury. The district court properly declined to instruct the jury that the government had to prove Fleury's subjective intent to communicate a true threat to convict him of cyberstalking under 18 U.S.C. § 2261A(2)(B). Fleury relies in vain on *Elonis*, where the Supreme Court read a *mens rea* requirement into a statute that lacked *any* scienter element—the transmission of interstate threats under 18 U.S.C. § 875(c). No similar problem exists here because the cyberstalking statute required proof that the defendant acted with the intent to harass or intimidate. *See* 18 U.S.C. § 2261A(2).
>
> Because the plain language of § 2261A(2) establishes a *mens rea* requirement sufficient "to separate wrongful conduct from 'otherwise innocent conduct,' " *Elonis*, 575 U.S. at 736, 135 S.Ct. 2001, it was not reversible error for the district court to decline to impose an additional, subjective-intent requirement for the jury to convict Fleury of cyberstalking. The jury was instructed on the *mens rea* element—subjective intent to harass or intimidate—that Fleury must have had while communicating true threats. The jury found the government proved the requisite mental state beyond a reasonable doubt. Fleury cites no case law for his position that, even when a statute contains an express mental state requirement, the district court should read an additional *mens rea* requirement into the text, nor does such a position make sense.

*Fleury*, 20 F.4th at 1371–72. *See United States v. Dennis,* 132 F.4th 214, 229 (2d Cir. 2025) (approvingly citing *Fleury*).

      Although *Fleury* involved a charge under the emotional distress subsection of the cyberstalking statute (18 U.S.C. § 2261A(2)(B)), the Eleventh Circuit's ruling equally applies to the reasonable fear of injury subsection (Subsection A) of the cyberstalking and stalking statutes (18 U.S.C. §§ 2261A(1)(A) and 2261A(2)(A)). This is so because just like the emotional distress subsection, Subsection A also requires an intent to harass; therefore, no further intentional *mens rea* is necessary to "separate wrongful conduct from 'otherwise innocent conduct.'" *Elonis*, 575 U.S. at 736. In short, no part of either the cyberstalking statute or the

stalking statute requires an intentional threat of physical force. Thus, they both fail to qualify as "crimes of violence."

      Thank you for your consideration of this letter.

Respectfully submitted,

*avraham moskowitz*

Avraham C. Moskowitz
Eylan Schulman
Christopher Neff
MOSKOWITZ COLSON
GINSBERG & SCHULMAN

Karen Friedman Agnifilo
Marc Agnifilo
Jacob Kaplan

AGNIFILO INTRATER LLP

Paresh Patel
Special Counsel