

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 23, 2026

**VIA ECF and EMAIL**

Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Luigi Nicholas Mangione*, 25 Cr. 176 (MMG)

Dear Judge Garnett:

    The Government writes in connection with today's evidentiary hearing, specifically with regard to defense counsel's filing of two proposed defense exhibits late last night. Counsel seeks to admit the Altoona Police Department General Order 1.2, and a document titled Altoona Police Department Prisoner Log that appears to have been prepared by one of the Altoona officers who arrested the defendant in Altoona, Pennsylvania on December 9, 2024 (the "Prisoner Log").

    The Government objects to any attempt by the defense to introduce the Prisoner Log as an exhibit or to cross-examine the Government's witness, Deputy Chief Nathan Snyder, regarding that document.

    For one thing, the Government expects Deputy Chief Snyder to testify that he was not present at the defendant's arrest on December 9, 2024 and was, in fact, out of town on that date. He will further testify that he had no involvement in the Altoona Police Department's investigation of the defendant and has not had any substantive conversations with the officers who participated in the defendant's arrest concerning their actions that day. He has never previously seen the Prisoner Log. Accordingly, Deputy Chief Snyder has no personal knowledge of, and no basis to respond to questions concerning, the Prisoner Log or the specific conduct of any individual officer during the defendant's arrest.

    Moreover, the Court expressly cabined the scope of today's proceeding to the Altoona Police Department's standardized procedures for securing, safeguarding, and inventorying the personal property of an individual arrested in a public place and, specifically, those procedures that were in effect in December 2024. The Prisoner Log relates, at most, to the actions of a particular officer on a particular day and falls well outside the limited purpose for which Deputy Chief Snyder is being called. Allowing cross-examination on that document would improperly expand the hearing into an examination of case-specific conduct by officers who are not witnesses and about matters beyond Deputy Chief Snyder's knowledge and that are irrelevant to the purpose of today's hearing.

  For these reasons, the Government respectfully requests that the Court preclude the defense from introducing the Prisoner Log and from attempting to cross-examine Deputy Chief Snyder regarding that document.

               Respectfully submitted,

               SEAN S. BUCKLEY
               Attorney for the United States Attorney
               Acting Under Authority Conferred by
               28 U.S.C. § 515

     By:     /s/
               Dominic A. Gentile
               Jun Xiang
               Alexandra S. Messiter
               Thomas John Wright
               Assistant United States Attorneys
               (212) 637-2567 / 2295 / 2544 / 2289

cc: Counsel of Record (Via ECF and email)