


*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th floor*
*New York, New York 10278*

January 23, 2026

**BY ECF**
The Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    <u>**United States v. Mangione**, 25 Cr. 176 (MMG)</u>

Dear Judge Garnett:

    The Government respectfully submits this letter in response to the defendant's January 19, 2026 supplemental authority letter. (Doc. No. 94-1.)

    The defendant argues that the Ninth Circuit's decision in *United States v. Gomez*, No. 23-435, 2026 WL 90274 (9th Cir. Jan. 13, 2026) (*en banc*), supports his view that 18 U.S.C. §§ 2261A(1)(A) and 2261A(2)(A) can be violated even when the stalker neither knows nor intends that his conduct will place the victim in fear of death or bodily injury.

    *Gomez* offers no additional support to the defendant's position. *Gomez* is little different from cases—like *United States v. Sjodin*, 139 F.4th 1188 (10th Cir. 2025), *United States v. Carter*, 7 F.4th 1039, 1044 (11th Cir. 2021), and *United States v. Garner*, 28 F.4th 678, 683 (5th Cir. 2022) (collectively, the "State Crime Cases")—that are already cited in the defendant's briefs, (Doc. No. 59-2 at 21–22, Doc. No. 76 at 27) and, like those cases, *Gomez* sheds no light on the proper interpretation of § 2261A.

    Each of the State Crime Cases, including *Gomez*, involved a state criminal statute that had already been conclusively interpreted by state courts. The Ninth Circuit in *Gomez* was bound by the California Supreme Court's interpretation of a California assault statute, just like the Courts of Appeals in *Sjodin*, *Carter*, and *Garner* were bound by state court decisions interpreting the statutes in those cases. *See Gomez*, 2026 WL 90274, at *6 (relying on *People v. Williams*, 26 Cal.4th 779 (2001), which held that, to be guilty of assault in California, "[a] defendant need not have specific intent to cause injury or a subjective awareness of the risk that an injury might occur" (internal quotations omitted)); *Sjodin*, 139 F.4th at 1203 (noting that "[i]n applying the categorical approach to state offenses, we are bound by the highest state courts 'interpretation of state law, including its determination of the elements' of the relevant crime" and relying on *Williams* to conclude that "the California assault statute . . . does not require an intent to apply force to another person, knowledge that that action will apply force on another, or subjective awareness of the risk of such force"); *Carter*, 7 F.4th at 1045 (relying on Georgia Supreme Court case for proposition that "the crime of

simple assault as set forth in [Georgia statute] § 16-5-20(a)(2), does not require proof of specific intent"); *Garner*, 28 F.4th at 683 (relying on Louisiana state cases which held that "[a]ggravated assault with a firearm is a general intent crime . . . that can be committed with 'reckless intent,' or by mere negligence").

Here, by contrast, no court has interpreted the "conduct that places [the victim] in reasonable fear of death or serious bodily injury" element of § 2261A(1)(A) and § 2261A(2)(A) (together, the "Reasonable Fear Subsection") to require a mens rea of mere recklessness or negligence. To the contrary, federal courts have almost uniformly held that the Reasonable Fear Subsection is categorically a crime of violence, which, after *Borden v. United States*, 593 U.S. 420 (2021), necessarily means that a mens rea of at least knowledge is required. The most recent of these decisions was issued just days ago and held that "even the 'least culpable' conduct criminalized by §§ 2261A(2)(A) and 2261(b)(1) requires that a defendant use, attempt to use, or threaten to use physical force against the person of another." *United States v. Seetaram*, No. 23-CR-20483, 2026 WL 145348, at *4 (S.D. Fla. Jan. 20, 2026).[1]

The text of the Reasonable Fear Subsection of § 2261A is materially different from the statute in *Gomez*. *Gomez* interpreted California Penal Law § 245(a)(1), which proscribes the commission of "an assault upon the person of another with a deadly weapon or instrument other than a firearm"; the term "assault" is defined as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Law § 240; *see also Gomez*, 2026 WL 90274, at *6. The statutory text includes no specific intent ("with intent to X") and no state of mind language ("purposefully," "knowingly," "recklessly," etc.). In *Williams*—the state case that controlled *Gomez*—the California Supreme Court drew upon an 1872 state law definition of "assault," California legislative history, and California common law to conclude that "assault does not require a specific intent to cause injury or a subjective awareness of the risk that an injury might occur." 26 Cal. 4th at 787–90. One of the *Williams* court's concerns appeared to be preserving the ability of California prosecutors to charge intoxicated persons with assault. *Id.* at 788 ("In adopting this knowledge requirement, we do not disturb our previous holdings. Assault is still a general intent crime, and juries should not consider evidence of defendant's intoxication in determining whether he committed assault" (citations and quotations omitted)). Needless to

---

[1] Although *Seetaram* employed different reasoning than what the Government has urged here, it reached substantially the same conclusions, namely: (a) that the Reasonable Fear Subsection of § 2261A is divisible from the subsection relating to substantial emotional distress, (b) that § 2261A, when charged in conjunction with § 2261(b)(1), does not reach conduct involving self-harm, and (c) that the Reasonable Fear Subsection, when charged with § 2261(b)(1), is categorically a crime of violence. *Id.*

Notably, the District Judge who decided *Seetaram* is the same District Judge who decided *United States v. Ali* ("*Ali I*"), No. 24 Cr. 20341, 2025 WL 2938420, at *2–3 (S.D. Fla. Oct. 16, 2025), which also held that § 2261A(1)(A) is categorically a crime of violence. In its opening brief, the Government alerted the Court that it learned the *Ali I* court might reverse itself in a second decision ("*Ali II*") based on the self-harm argument. (*See* Doc. No. 71 at 65 n.16). Now that *Seetaram* has rejected the self-harm argument, the Government no longer expects that the *Ali I* court will reverse itself.

say, none of the *Williams* analysis is relevant to the interpretation of § 2261A. What California's legislature wished to punish under their assault statute has no bearing on whether the United States Congress intended § 2261A to reach reckless or negligent conduct.

§ 2261A is not a simple assault statute and, unlike California Penal Law § 245(a)(1), *does* contain a specific intent requirement: it requires the defendant to have traveled interstate or used an interstate facility "with the intent to kill, injure, harass, intimidate, or place under surveillance" a specific other person. 18 U.S.C. §§ 2261A(1)(A), 2261A(2)(A). Given that § 2261A requires a mens rea of intentionality when it comes to the travel element, it makes little sense to find that a lower mens rea requirement is required as to the conduct element. The gravamen of stalking is the conduct that places the victim in fear; that conduct is what Congress sought to deter. The travel or interstate facility element is merely jurisdictional. If Congress wanted § 2261A to reach reckless or negligent conduct, it is hard to imagine why it would have included a specific intent requirement at all, much less attached that requirement to the jurisdictional element. The more logical interpretation is that a § 2261A stalker must not only cross state lines (or use an interstate facility) with a guilty mind, but must then take action knowing, or intending, that such action will cause the victim reasonable fear of death or serious bodily injury.

For the reasons set forth above, the Government respectfully submits that *Gomez* offers no new support for the defendant's motion, which should be denied for the reasons set forth in the Government's brief and at oral argument.

        Respectfully submitted,

        SEAN S. BUCKLEY
        Attorney for the United States Attorney
        Acting Under Authority Conferred by
        28 U.S.C. § 515

By:    /s/
        Dominic A. Gentile / Jun Xiang
        Alexandra Messiter / Thomas John Wright
        Assistant United States Attorneys
        (212) 637-2200

**CC (BY ECF)**
Counsel of Record