# AGNIFILO
# INTRATER

January 24, 2026

**VIA ECF**
The Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Mangione,* 25 Cr. 176 (MMG)

Dear Judge Garnett:

    We write to respond to the government's latest letter dated January 23, 2026. In that letter, the government cites to a recent unpublished district court decision—*United States v. Seetaram*, 2026 WL 145348 (S.D. Fla. Jan. 20, 2026)—in support of its argument that Subsection A of the stalking and cyberstalking statutes (18 U.S.C. §§ 2261A(1)(A) and 2261A(2)(A)) when "death results" (18 U.S.C. § 2261(b)(1)) qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). In *Seetaram*, the district court held that Subsection A of the cyberstalking statute resulting in death cannot be committed with a threat of self-harm or with an unintentional and unknowing threat of physical force against another. *Id.* at *2-3. Specifically, the court reasoned that when a defendant engages in such conduct and accidental death results, he cannot reasonably foresee the death of another; therefore, **no proximate cause** is established between the defendant's actions and the resulting death; in turn, he cannot be lawfully convicted of cyberstalking resulting in death. *Id.*

    But this Court must reject the holding in *Seetaram* because it squarely conflicts with Second Circuit precedent. In *United States v. Felder,* 993 F.3d 57, 60-70 (2d Cir. 2021), the Second Circuit expressly held that the "death results" provision for the federal carjacking statute, 18 U.S.C. § 2119(3), solely requires a **but-for-cause** without any additional requirement of proximate cause. In other words, but for the defendant's actions, the death the victim would not have occurred. In rejecting the government's proximate cause argument, the Second Circuit relied on a uniform wall of circuit authority holding that an analogous offense of distributing drugs resulting in death (21 U.S.C. § 841(a)(1), (b)(1)(A)-(C)) only requires proof of but-for-cause—not proximate cause—between the distribution and the death. In other words, "§ 841(b) does not require proof that the resulting death was reasonably foreseeable." *Id.* at 69. The Second Circuit recognized that this precedent was "discussing a death-results-from enhancement in the Controlled Substances Act, not the death-results-from enhancement in the federal carjacking statute." *Id.* at 70. Nonetheless, the Court held that this precedent "applies as much in the latter context as in the former." *Id.* And there is no good reason why the same would not hold true with respect to the identical death results

The Honorable Margaret M. Garnett
January 24, 2026
Page 2 of 3

provision in 18 U.S.C. § 2261(b).  This Court is bound by *Felder*—not a conflicting unpublished out-of-circuit district court decision.[1]

      Consistent with *Felder*, the Second Circuit has upheld a sentencing enhancement for death or bodily injury that "resulted from" a defendant's conduct, in the sense of but-for-causation, even though the defendant did not inflict the injury himself and was distant from the injury-causing event.  For example, the Second Circuit held applicable a Sentencing Guidelines enhancement for bodily injury that "resulted from" a defendant's conduct where a bystander was shot by security guards fending off the defendant's robbery attempt.  *United States v. Molina*, 106 F.3d 1118, 1122-25 (2d Cir. 1997).  In *Molina*, the defendants tried to rob an armored car and shot at the car's guards.  The guards returned fire and one of the guards' bullets hit a bystander's foot.  *Id.* at 1120.  The circuit concluded that the bystander's injury had "resulted" from the defendants' conduct—even though "the harm to the victim was the immediate result of a bullet fired from the weapon of a guard"—because the defendant had "put into motion a chain of events' that contained the 'inevitable tragic result' of the bullet being lodged in the bystander's foot."  *Id.* at 1123-24 (quoting *United States v. White*, 979 F.2d 539, 544-45 (7th Cir. 1992)).

      In the same way, death could result from stalking under Subsection A when a defendant addicted to drugs threatens self-harm by putting a gun to his head upon demanding money for drugs, and in response, a nearby pedestrian, police officer, or the stalking victim herself attempts to wrestle a gun away from the defendant, and as a result, the gun misfires and kills a stalking victim a police officer, or a nearby pedestrian.  Likewise, death could result from cyberstalking under Subsection A when the addicted brother sends a barrage of texts to his sister (who is driving) threatening to kill himself because she won't give him money for drugs, and as a result, the sister gets distracted and runs a red light and a fatal accident occurs killing her.  Similarly, death could result from stalking under Subsection A when the addicted brother (who is on a hike on a steep mountain with his sister) has no intent or knowledge of threatening or harming his sister wildly gesticulates and screams (because the sister won't give him drug money) in a way that puts his sister in reasonable fear of serious bodily injury, and as a result, she gets distracted and falls off the mountain or has a heart attack that causes her to die.  Or death could result from cyberstalking under Subsection A when the addicted brother sends his sister a barrage of texts demanding money for drugs and then further shows up on her walk home and starts screaming and gesticulating because she refuses to give him the money.  Again, even though the addicted brother has no intent of threatening or harming his sister, he wildly gesticulates and screams at her in way that (when combined with the barrage of aggressive texts desperately seeking drug money) puts his sister in reasonable fear of injury, and in the process, she gets distracted and steps into traffic and a fatal accident occurs.  In all these scenarios, a death has resulted from the threat of self-harm or an unintentional or unknowing threat for force against another; yet, the § 924(c) "crime of violence" definition has not been satisfied.  It makes sense that Congress wanted to criminalize all these

---

[1] *Seetaram*, 2026 WL 145348, at *3*, also conflicts with Supreme Court precedent because it relies on the realistic probability test that *Taylor v. United States*, 596 U.S. 845, 858 (2022) eviscerated as applied to federal offenses.

The Honorable Margaret M. Garnett
January 24, 2026
Page 3 of 3

scenarios under the stalking and cyberstalking statutes to broadly protect the stalking victim. Thus, this Court must dismiss Counts Three and Four of the indictment.

    Thank you for your consideration of this letter.

                                      Respectfully submitted,

                                      Karen Friedman Agnifilo
                                      Marc Agnifilo
                                      Jacob Kaplan
                                      AGNIFILO INTRATER LLP

                                      Avraham C. Moskowitz
                                      Eylan Schulman
                                      Christopher Neff
                                      MOSKOWITZ COLSON
                                      GINSBERG & SCHULMAN

                                      Paresh Patel
                                      Special Counsel

cc:       Gov't Counsel (by ECF)