# EXHIBIT A

# AGNIFILO
# INTRATER

RECEIVED
MOTIONS UNIT
2026 FEB -6 A 10 36
DISTRICT ATTORNEY
NEW YORK COUNTY

PART 32 FEB 06 2026

February 5, 2026

**VIA EMAIL**
The Honorable Gregory Carro
Supreme Court of the State of New York
100 Centre Street
New York, NY 10001

    Re:    *People v. Mangione*, Ind. No. 75657-24

Dear Judge Carro:

    We write in response to the District Attorney's Office's January 28, 2026, letter requesting that this matter be set for trial on July 1, 2026. As set forth below, the People's request is both unreasonable and impracticable and should be denied. Most critically, Mr. Mangione is already scheduled to begin the jury selection process in his concurrent federal trial during the week of June 29, 2026, pursuant to the following Scheduling Order issued by United States District Judge Margaret Garnett:

- April 13, 2026 – Parties to exchange proposed questionnaires and confer.
- May 4, 2026 – Parties to submit their proposed questionnaire(s) to the Court.
- May 11, 2026 – Parties to file objections, if any, to each other's proposed questionnaires.
- May 26, 2026 – Oppositions to objections due.
- June 11, 2026 – Court to provide proposed final questionnaire to counsel.
- June 15, 2026 – Conference at 11:00 a.m. to discuss final questionnaire and jury selection process.
- June 16, 2026 – Government to disclose any expert witnesses to Defendant, pursuant to Rule 16(a)(l)(G).
- Week of June 29 – Jury Department to administer written questionnaire to prospective jurors in a venire of approximately 800. Government to scan completed questionnaires each day and provide to Court and defense counsel.
- July 16, 2026 – Defense to disclose any expert witnesses to the Government.
- July 17, 2026 – Parties to exchange lists of jurors to be struck for cause based on questionnaires alone and lists of jurors that require follow-up questioning regarding questionnaire answers.
- July 22, 2026 – Parties to confer and submit a list to the Court of jointly stipulated proposed strikes for cause and joint proposed list of jurors who require follow-up questioning regarding their questionnaire answers, as well as separate lists, if necessary, of any additional jurors that only one side seeks to strike for cause or requests follow-up questioning.

Hon. Gregory Carro
February 5, 2026
Page 2 of 5

- July 31, 2026 at 11:00 am – Conference to rule on stipulated and requested strikes for cause; List of venire for in-person questioning finalized and provided to Jury Department for notification regarding in-person voir dire.
- August 4, 2026 – Motions in Limine due, including any *Daubert* challenges.
- August 18, 2026 – Oppositions to Motions in Limine due (the Court generally does not permit reply on Motions in Limine).
- August 25, 2026 – Proposed Voir Dire, Requests to Charge, and Verdict Form due.
- September 2, 2026 at 11:00 a.m. – Final Pre-Trial Conference.
- September 8, 2026 at 9:30 a.m. – In-person voir dire begins.
- October 13, 2026 – Opening statements; the presentation of evidence begins.

(*United States v. Mangione*, 25 Cr. 176 (MMG), Dkt. 105: 2/3/26 Scheduling Order.)

This Scheduling Order establishes that counsel will be actually engaged and orders an extensive, multi-month jury selection process, including the review of 800 jury questionnaires, exchanges of strikes for cause, motion practice and pre-trial proceedings, culminating in in-person voir dire beginning September 8, 2026, and opening statements on October 13, 2026. Notably, the jury questionnaire review process that starts the week of June 29, 2026, will be a long and detailed undertaking that will take several weeks to complete[1]—which is precisely why Judge Garnett has provided counsel until July 17, 2026, to complete our review before exchanging our list of potential jurors to be struck for cause with the government. Given the amount of time required to conduct this questionnaire review process, it would be impossible for counsel, at the same time, to start the state murder trial on July 1, 2026.

Among other issues, the federal jury selection process would be prejudiced by potential jurors in the federal case being exposed to press reports on the trial in the New York County case. Also, forcing counsel to begin the state court trial on July 1, 2026, would make effective preparation impossible and would violate Mr. Mangione's right to the effective assistance of counsel guaranteed under the Federal and New York State Constitutions. This is particularly true in this case given that counsel and Mr. Mangione are still in the process of reviewing the more than seven terabytes of discovery that the defense has received from the prosecution.[2]

---

[1] While questionnaires vary in size in federal court, counsel expects the questionnaire in this case to be extensive given the extreme pretrial publicity of this case.

[2] The prosecution itself has emphasized the unprecedented scope of the investigation—multiple NYPD units, federal agencies, and extensive forensic and digital evidence. That complexity confirms that careful, deliberate preparation is required. Courts routinely hold that voluminous discovery and complex prosecutions justify extended preparation time. *See People v. Spears*, 64 N.Y.2d 698, 699 (1984) (continuance appropriate where defense requires time to prepare in complex case); *People v. Foy*, 32 N.Y.2d 473, 476 (1973) (trial court must ensure reasonable opportunity to prepare).

Hon. Gregory Carro
February 5, 2026
Page 3 of 5

    Moreover, the prosecution's request for a July 1, 2026, trial date ignores the fact that jury selection in the state case itself will be lengthy given the extraordinary pretrial publicity. Following jury selection, the defense anticipates a lengthy trial as the prosecution has noticed fifteen different experts relating to Forensic Pathology, DNA Analysis, Latent Print Development/DNA/Trace Evidence Analysis, Latent Print Comparison, Primer Gunshot residue & Trace Evidence Recognition and Collection, Ballistics, Firearm Examination, Identification, and Operability, Ballistics, Microscopic Examination & Comparison, Crime Scene Analysis and Document Fraud, Counterfeit, Fraudulent, or Forged New Jersey Driver's Licenses. We expect the prosecution will also attempt to establish law enforcement's entire investigation from the alleged December 4, 2024, shooting through Mr. Mangione's December 9, 2024, arrest in Altoona, Pennsylvania. As we recently experienced, the suppression hearing alone consumed nearly three weeks. This trial will take several months, not weeks. Attempting to commence such a lengthy trial on July 1, 2026, would directly conflict with the federal trial schedule and render adequate preparation impossible.

    In addition to a firm federal trial date, another reason for the federal trial to proceed first is that it carries the more severe penalty. In federal court, Mr. Mangione faces a maximum sentence of life imprisonment without parole. In federal court he is charged with two counts of Stalking in violation of 18 U.S.C. § 2261A(1)(A) and (A)(2)(A) for allegedly stalking, shooting and killing Brian Thompson on December 4, 2024, in Manhattan. Pursuant to 18 U.S.C. § 2261(b)(1), Mr. Mangione would be facing the maximum penalty of life for allegedly causing the death of Brian Thompson. Because there is no parole in the federal sentencing structure, a sentence of life in prison means life imprisonment with no chance of release. By contrast, the top charge in the state matter carries a sentence of 25 years to life with the possibility of parole. Where one prosecution exposes the defendant to mandatory life imprisonment, it is plainly unreasonable to require that he disrupt that schedule, which has already been set, to accommodate a competing arbitrary state timetable.

    The District Attorney's Office asserts that "state interests would be unfairly prejudiced by an unnecessary delay of this important matter until after defendant's federal trial." (1/28/26 Letter at 2.) Far from delaying any proceeding, the defense here has proceeded apace to (1) convince this Court to dismiss the terrorism counts; (2) convince the federal court to dismiss the federal murder count and firearm count as well as the death penalty as a potential punishment; (3) file scores of motions in both cases; and (4) litigate three weeks of suppression hearings in this Court. Moving forward, the defense will continue to proceed without delay to meet the schedule set by the federal judge, will try the federal case and will then proceed without delay to litigate this case.

    Furthermore, even where there is no concurrent federal case, a two-year period between arrest and trial in a murder case is far from excessive. *See, e.g., People v. Pedro Hernandez* (more than two and a half years from arrest to trial in the Etan Patz case); *People v. Nicholas Brooks* (more than two and a half years from arrest to trial in the murder of Sylvie Cachay at the SoHo House in 2010); *cf. People v. Pamela Buchbinder* (nearly five years between arrest and plea where the defendant was charged with the attempted murder of her former boyfriend); *People v. Alex Ray*

Hon. Gregory Carro
February 5, 2026
Page 4 of 5

*Scott* (more than four and a half years between arrest and plea where the defendant was charged with murder of an acquaintance).

      The District Attorney's Office has also failed to show any prejudice it faces by the federal case proceeding to trial in accordance with the federal trial schedule. The defendant has speedy trial rights in both jurisdictions, and he is prepared to proceed to trial on the federal case consistent with the order already entered by the federal court. In addition, this is not a case that depends on elderly or infirm civilian witnesses, or indeed on civilian witnesses at all. Rather, the core of both the federal and state cases is the testimony of law enforcement officials and forensic evidence. To the extent that the public has an interest in the swift resolution of criminal cases, that interest is fully realized by commencing the jury selection process in the federal case in just over two months from now.

      In court on December 18, 2025, the District Attorney's Office noted that Mr. Thompson's elderly mother is waiting for trial to know whether Mr. Mangione is the one who allegedly committed the December 4, 2024, shooting. (12/18/25 Tr. at 1475.) That is not a valid reason to propose an unreasonable and unrealistic trial date that directly conflicts with a previously ordered trial schedule in the federal case where Mr. Mangione is facing life imprisonment.[3] Furthermore, the District Attorney's Office does not hold a monopoly on fact finding, and the question who allegedly shot Mr. Thompson can be adequately addressed at the federal trial that is currently scheduled.

      Finally, counsel must prepare potential defenses that are unique to the state proceedings and unavailable in federal court. Additional investigation, motion practice, and legal preparation are required. For these reasons alone, the defense cannot reasonably be ready by July 1, 2026. Had the People conferred with counsel regarding scheduling, this conflict could have been avoided. Instead, the present request was made without consultation, and after the federal trial was already set, creating an unnecessary and avoidable compression of the defense's preparation time.

---

[3]The People's request appears driven not by necessity but by rhetoric. Unnecessary and gratuitous characterization of this case as an "execution," "assassination" or "terrorism" do not bear on scheduling and only heighten the risk of prejudice. Courts have repeatedly warned that sensationalized proceedings threaten a defendant's right to a fair trial. *Sheppard v. Maxwell*, 384 U.S. 333, 362–63 (1966). Heightened publicity counsels for greater preparation time, not less.

Hon. Gregory Carro
February 5, 2026
Page 5 of 5

    For all of these reasons, the defense respectfully requests that the Court deny the People's request for a July 1, 2026, trial date and set a schedule that affords constitutionally sufficient time to prepare.

                                          Respectfully submitted,

                                          Karen Friedman Agnifilo
                                          Marc Agnifilo
                                          Jacob Kaplan

                                          *Counsel for Luigi Mangione*

cc:      District Attorney's Office (via email)